NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1193, 25-1194 (consolidated)

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

MARYLAND OFFICE OF PEOPLE'S COUNSEL, et al.,
*Petitioners*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

---

Petition for Review of United States Department of Energy Order No. 202-25-4

---

**MOTION TO EXTEND CERTIFIED INDEX DEADLINE**

---

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
rebecca.jaffe@usdoj.gov

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A. Parties and Amici

Petitioners in case no. 25-1193 are the Maryland Office of People's Counsel, New Jersey Division of Rate Counsel, and Illinois Office of the Attorney General. Petitioners in case no. 25-1194 are Natural Resources Defense Council, Citizens for Pennsylvania's Future, Environmental Defense Fund, and Sierra Club.

Respondents are Chris Wright, Secretary of the United States Department of Energy, and the United States Department of Energy.

### B. Rulings Under Review

Petitioners challenge Department of Energy Order No. 202-25-4, which was issued on May 30, 2025.

### C. Related Cases

Under Circuit Rule 28(a)(1)(C), there are no related cases.

/s/ *Rebecca Jaffe*
REBECCA JAFFE

Counsel for Federal Respondents

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ................................................................................................... ii

TABLE OF CONTENTS ................................................................................ iii

INTRODUCTION ........................................................................................... 1

BACKGROUND ............................................................................................. 1

ARGUMENT ................................................................................................... 2

CERTIFICATE OF COMPLIANCE ............................................................... 5

## INTRODUCTION

Federal Respondents Department of Energy and Secretary of Energy Chris Wright respectfully move the Court to extend the certified index deadline because of the lapse in appropriations. Per the Court's September 26, 2025, Order, the certified index to the record is due on November 10, 2025. The Court should extend the deadline by 60 days from the later of November 10, 2025, or the end of the lapse in appropriations. Federal Respondents have conferred with counsel for Petitioners, and their position is: "Petitioners do not oppose a 60-day extension from November 10, 2025, but do oppose an extension pegged to an uncertain future date."

## BACKGROUND

On May 30, 2025, the Secretary of Energy issued Order No. 202-25-4 (Eddystone 1) under Section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c). Eddystone 1 at 3. The Secretary determined that an emergency exists in portions of the portions of the electricity grid "due to a shortage of facilities for the generation of electric energy, resource adequacy concerns, and other causes." Eddystone 1 at 1. So the Secretary ordered units 3 and 4 of the Eddystone Generating Station—which were scheduled to retire on May 31, 2025—to continue to operate. Eddystone 1 at 2.

Public interest organizations and some states filed requests for rehearing and a stay of the Eddystone 1 Order. On August 1, 2025, the Department issued a notice noting that thirty days had passed since the rehearing requests were filed and, therefore, the rehearing requests were deemed denied by operation of law. But the Department plans to issue an order responding to the rehearing requests.

In September 2025, the states and public interest organizations petitioned the Court to review the Eddystone 1 Order. Case Nos. 25-1193, 25-1194 (consolidated). The certified index to the record is currently due on November 10, 2025.

## ARGUMENT

The Court should extend the certified index deadline because of the lapse in appropriations. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department of Justice lapsed. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Due to the lapse in federal appropriations, the undersigned counsel was notified on October 1, 2025, that she has been placed on furlough status and that she must remain away from her work

unless and until recalled. The Department of Justice does not know when funding will be restored by Congress.

Because of the lapse in appropriations, the undersigned counsel (and other counsel at the Department of Justice), cannot provide advice to the Department of Energy on compiling the administrative record or preparing a response to the rehearing petitions.

The lapse in appropriations has also been disruptive to operations at the Department of Energy, causing resource constraints and forcing key personnel involved with the Eddystone 1 Order to work on other matters. Thus, the lapse in appropriations is impeding the Department of Energy's ability to allocate sufficient resources to properly respond to the rehearing requests.

The Court should therefore extend the certified index deadline by 60 days from the later of November 10, 2025, or the end of the lapse in appropriations.

Respectfully submitted,

/s/ *Rebecca Jaffe*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

October 28, 2025
90-13-5-18008

4

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 559 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                                        /s/ *Rebecca Jaffe*
                                                        REBECCA JAFFE
                                                        Counsel for Federal Respondents