ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, CITIZENS FOR PENNSYLVANIA'S FUTURE, ENVIRONMENTAL DEFENSE FUND, and SIERRA CLUB,<br>*Petitioners*,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY, and CHRIS WRIGHT, in his official capacity as Secretary of Energy,<br>*Respondents*. | Case No. 25-1288 (L), 25-1287 |

**NON-BINDING STATEMENT OF ISSUES**

Pursuant to the Court's December 31, 2025 Order, Petitioners Natural Resources Defense Council, Citizens for Pennsylvania's Future, Environmental Defense Fund, and Sierra Club submit the following non-binding statement of issues to be raised in this proceeding to review the U.S. Department of Energy's and Secretary Chris Wright's Order No. 202-25-8 (Aug. 27, 2025) (the "Order"), and Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Order No. 202-25-8A (Oct. 28, 2025) ("Notice of Denial") (collectively, "actions" of Respondents).

1. Whether Respondents' determination "that an emergency exists in portions of the electricity grid operated by PJM Interconnection ("PJM") due to a

1

shortage of electric energy, a shortage of facilities for the generation of electric energy, resource adequacy concerns, and other causes," is contrary to law under the Administrative Procedure Act because Respondents failed to demonstrate the required emergency under Section 202(c)(1) of the Federal Power Act, 16 U.S.C. § 824a(c)(1), and the Department of Energy's implementing regulations, 10 C.F.R. § 205.371.

2. Whether Respondents' actions violate or exceed the Department of Energy's authority under Section 202(c)(1) of the Federal Power Act, 16 U.S.C. § 824a(c)(1) because the claimed emergency does not qualify as an emergency within the meaning of Section 202(c)(1).

3. Whether Respondents' actions violate the Department of Energy's regulations further defining emergency, because the emergency claimed in the Order does not meet the regulatory definition of an emergency, 10 C.F.R. § 205.371 (defining emergencies as resulting from a "sudden increase in consumer demand"), and the Order failed to address a "specific inadequate power supply situation," 10 C.F.R. § 205.371.

4. Whether the Order's requirement that PJM and Constellation Energy "shall take all measures necessary to ensure that Eddystone Units are available to operate" violates, or exceeds the Secretary of Energy's authority under, Section 202(c) of the Federal Power Act. 16 U.S.C. § 824a(c).

5. Whether the Order violates, or exceeds the Department of Energy's authority under, Section 202(c)(2) of the Federal Power Act because the Order fails to "ensure that such order requires generation, delivery, interchange, or transmission of electric energy only during hours necessary to meet the emergency and serve the public interest, and, to the maximum extent practicable, is consistent with any applicable Federal, State, or local environmental law or regulation and minimizes any adverse environmental impacts." 16 U.S.C. § 824a(c)(2).

6. Whether the Order's requirement that PJM and Constellation Energy "shall take all measures necessary to ensure that Eddystone Units are available to operate" violates, or exceeds the Secretary of Energy's authority under, Section 202(c) of the Federal Power Act. 16 U.S.C. § 824a(c).

7. Whether Respondents failed to establish, under Section 202(c)(1), 16 U.S.C. § 824a(c)(1), that a 202(c) order requires "generation, delivery, interchange, or transmission of electric energy" that in the Secretary of Energy's judgment "will best meet the emergency and serve the public interest," because the Order's determination that "additional availability and economic dispatch of [] Eddystone Units 3 and 4 (Eddystone Units) is necessary to best meet the emergency and serve the public interest" is arbitrary and capricious, is unsupported by substantial evidence, or is otherwise unlawful.

Respectfully Submitted,                          Dated: January 30, 2026

*/s/ Gavin G. McCabe*[1]
Gavin G. McCabe (DC Cir 53966)
Caroline Reiser (DC Cir 62319)
Simi Bhat
Karen Chen
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
gmccabe@nrdc.org
creiser@nrdc.org
sbhat@nrdc.org
kchen@nrdc.org
(212) 727-4529

*/s/Tomás Carbonell*
Tomás Carbonell (DC Cir 54320)
Ted Kelly
Environmental Defense Fund
555 12th St. NW, #400
Washington, DC 20004
tekelly@edf.org
tcarbonell@edf.org
(202) 387-3500

*/s/ Danielle Fidler*
Danielle Fidler (DC Cir 62486)
Francis W. Sturges, Jr. (DC Cir 64964)
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
fsturges@catf.us
dfidler@catf.us
(617) 624-0234
*Counsel for Citizens for Pennsylvania's Future*

*/s/ Gregory E. Wannier*
Gregory E. Wannier (DC Cir 55920)
Sanjay Narayan (DC Cir 48545)
Sierra Club Environmental Law Program
2101 Webster St., Ste 1300
Oakland, CA 94612
greg.wannier@sierraclub.org
sanjay.narayan@sierraclub.org
(415) 977-5646

---

[1] Counsel represents that the other parties listed in the signature blocks on this document consent to this filing.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2026, I have served the foregoing **Non-Binding Statement of Issues to be Raised** on all registered counsel through the Court's electronic filing system (ECF), or, with permission, via email.

Respectfully submitted,

*/s/ Gavin G. McCabe*
Gavin G. McCabe
