# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

MARYLAND OFFICE OF PEOPLE'S COUNSEL, et al.,

*Petitioners*

v.

U.S. DEPARTMENT OF ENERGY, et al.,

*Respondents*.

Case No. 25-1287 (consolidated with No. 25-1288)

_____

ILLINOIS OFFICE OF ATTORNEY GENERAL, et al.,

*Petitioners*

v.

U.S. DEPARTMENT OF ENERGY, et al.,

*Respondents*.

Case No. 25-1193 (consolidated with No. 25-1194)

## PETITIONERS' MOTION TO ESTABLISH BRIEFING SCHEDULE AND FORMAT

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Circuit Rule 27, and this Court's Order dated February 13, 2026, Petitioners in these consolidated actions[1] respectfully submit this motion to establish briefing schedule and format in

---

[1] Petitioners in Nos. 25-1297 and 25-1193 are Maryland Office of People's Counsel, New Jersey Division of Rate Counsel, and the Illinois Office of Attorney General ("Joint Consumer Advocates") and Petitioners in Nos. 25-1288 and 25-1194 are Natural Resources Defense Council, Citizens for Pennsylvania's Future, Environmental Defense Fund, and Sierra Club ("Public Interest Organizations") (collectively "Petitioners").

Case Nos. 25-1193, 25-1194, 25-1287, and 25-1288 ("Eddystone 1 and 2").

Respondents U.S. Department of Energy and Secretary Wright (collectively "DOE") do not oppose the proposed schedule but have an alternate proposal on word counts that is presented below. Respondent-Intervenor Constellation Energy Generation, LLC, does not oppose this motion and takes no position on the alternate proposals on word counts.

1. The Eddystone 1 and 2 cases are petitions for review under Section 313(b) of the Federal Power Act ("FPA"), 16 U.S.C. § 825*l*(b), challenging DOE's orders pursuant to FPA Section 202(c), 16 U.S.C. § 824a(c), mandating that the Eddystone Generating Station in Eddystone, Pennsylvania, remain operating. DOE issued the Eddystone 1 Order (No. 202-25-4) on May 30, 2025, and when that Order expired, DOE extended its mandate through the Eddystone 2 Order, (No. 202-25-8) on August 28, 2025.

2. Petitioners timely sought rehearing of the Eddystone 1 and 2 Orders with DOE, and those requests were deemed denied by operation of law. *See* Order No. 202-25-4A (August 1, 2025) and Order No. 202-25-8A (October 28, 2025).

3. Petitioners timely sought judicial review of the Eddystone 1 Order, which the Court docketed as No. 25-1193 (Joint Consumer Advocates petition) and No. 25-1194 (Public Interest Organizations petition). The Court consolidated these cases on its own motion and designated No. 25-1193 as the lead case. *See* Document

#2137503.

4. Petitioners also timely sought judicial review of the Eddystone 2 Order, which the Court docketed as No. 25-1287 (Joint Consumer Advocates' petition) and No. 25-1288 (Public Interest Organizations' petition). The Court consolidated these cases on its own motion and designated No. 25-1287 as the lead case. *See* Document #2152480.

5. On February 13, 2026, the Court granted Petitioners' joint unopposed motion to consolidate the Eddystone 1 and Eddystone 2 cases and directed the parties to file proposed briefing formats within ten days of that Order. *See* Document #2159191.

6. In accordance with the Court's Order, the parties have met and conferred and agree on the proposed schedule but have competing proposals on word counts. Petitioners propose the following schedule and formats:

| **Event** | **Date** | **Word Limit** |
| --- | --- | --- |
| Petitioners' Opening Briefs | May 8 | 26,000 words, divided between two briefs |
| | | |
| Department of Energy's Brief | July 17 | 26,000 words |
| Intervenor-Respondents' Brief | July 23 | 9,100 words |

| | | |
|---|---|---|
| Petitioners' Reply Briefs | August 13 | 13,000 words, divided between two briefs |
| Joint Appendix | August 20 | N/A |
| Final Briefs | August 27 | N/A |

This briefing schedule ensures timely consideration of the issues in this case, while being consistent with the time periods given in the Federal Rules of Appellate Procedure, the D.C. Circuit Rules, the D.C. Circuit *Handbook of Practice and Internal Procedures*, and the Court's past practice. And this schedule provides the Department of Energy more than double the default time to respond to opening briefs, granting seventy days instead of thirty days, Fed. R. App. P. 31(a)(1); *see also Handbook of Practice and Internal Procedures 37,* to accommodate the scheduling needs of counsel for the Department.

Regarding word counts, Petitioners are cognizant of the Court's order in *People of the State of Michigan v Department of Energy* (Case No. 25-1159, Document #2146369). While that case has similarities to this case, that briefing was limited to just the initial Campbell Section 202(c) Order (Campbell 1) whereas this

case addresses both the Eddystone 1 and 2 orders, necessitating additional space to address the distinct factual record and issues presented by the Eddystone 2 Order. Thus, Petitioners believe their request for additional words – beyond the limits ordered for the Campbell matter – is warranted and respectfully request the Court grant Petitioners' request.

Federal Respondents' Statement Regarding Proposed Word Allocation is as follows:

Respondents believe that 26,000 words for the principal briefs, and 13,000 words for the reply briefs, will be more than required to address the issues presented by the petitions for review. Although Respondents defer to the Court as to the appropriate number of words, Respondents propose that the following word limits would be adequate: (a) 20,000 words for Petitioners' opening briefs, to be divided between up to two briefs; (b) 20,000 words for Respondents' brief; (c) 9,100 words for Intervenor's brief; and (d) 10,000 words for Petitioners' reply briefs, to be divided between up to two briefs. These word allocations are consistent with those set by this Court in *People of the State of Michigan v. Department of Energy*, Nos. 25-1159, 25-1160, 25-1162. Those cases similarly involve multiple petitioners challenging the Department of Energy's exercise of its emergency power.

In the alternative to Respondents' proposed word allocations,

Respondents request that the Court grant Respondents the same number of words that are allocated for Petitioners' opening briefs.

## CONCLUSION

For the foregoing reasons, Petitioners request that the Court grant this motion and set the briefing schedule and formats as set forth above.

Dated: February 23, 2026

Respectfully Submitted,

<table>
<tr><td>

*/s/ Gavin McCabe*[2]
Gavin McCabe (DC Cir 53966)
Caroline Reiser (DC Cir 62319)
Simi Bhat
Karen Chen
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
gmccabe@nrdc.org
creiser@nrdc.org
sbhat@nrdc.org
kchen@nrdc.org
(212) 727-4529

</td><td>

*/s/ Danielle Fidler*
Danielle Fidler (DC Cir 62486)
Francis W. Sturges, Jr. (DC Cir 64964)
Veronica Saltzman (DC Cir 64096)
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
dfidler@catf.us
fsturges@catf.us
vsaltzman@catf.us
(617) 624-0234
*Counsel for Citizens for Pennsylvania's Future*

</td></tr>
</table>

*Signatures continued on next pages*

---

[2] Counsel represents that the other parties listed in the signature blocks on this document consent to this filing.

*/s/Tomás Carbonell*
Tomás Carbonell (DC Cir 54320)
Ted Kelly
Environmental Defense Fund
555 12th St. NW, #400
Washington, DC 20004
tekelly@edf.org
tcarbonell@edf.org
(202) 387-3500

**MARYLAND OFFICE OF
PEOPLE'S COUNSEL**
DAVID S. LAPP
PEOPLE'S COUNSEL
William Fields
Deputy People's Counsel

*/s/ Alexis H. Lewis*
Alexis H. Lewis
Assistant People's Counsel

Office of People's Counsel
6 St. Paul Street, Suite 2102
Baltimore, Maryland 21202
(410) 767-8150
Davids.lapp@maryland.gov
William.fields@maryland.gov
alexis.lewis@maryland.gov

*/s/ Gregory E. Wannier*
Gregory E. Wannier (DC Cir 55920)
Sanjay Narayan (DC Cir 48545)
Sierra Club Environmental Law
Program
2101 Webster St., Ste 1300
Oakland, CA 94612
greg.wannier@sierraclub.org
sanjay.narayan@sierraclub.org
(415) 977-5646

**NEW JERSEY DIVISION OF
RATE COUNSEL**
Brian O. Lipman, Esq., Director

*/s/ David Wand*
T. David Wand, Esq.
Deputy Rate Counsel

New Jersey Division of Rate Counsel
140 East Front Street, 4th Floor
P.O. Box 003
Trenton, NJ 08625
(609) 984-1460
blipman@rpa.nj.gov
dwand@rpa.nj.gov
rglover@rpa.nj.gov
dlayugan@rpa.nj.gov

**ILLINOIS OFFICE OF THE**
**ATTORNEY GENERAL**

*/s/ Jason E. James*
Jason E. James
Assistant Attorney General

Illinois Office of the Attorney General
Kimberly Janas
Counsel to the Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
Jason.james@ilag.gov

**CERTIFICATE OF COMPLIANCE WITH TYPE-
FACE, TYPE-STYLE AND LENGTH LIMIT REQUIREMENTS**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2507 in Times New Roman, Size 14. This document also complies with the length limit in D.C. Circuit Rule 27(d)(2) because it contains 833 words.

Dated: February 23, 2026            Respectfully submitted,

                                         */s/ Gavin G. McCabe*
                                         Gavin G. McCabe

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing **MOTION TO GOVERN** with the Clerk of the Court using the Court's CM/ECF system.


Dated: February 23, 2026               Respectfully submitted,

*/s/ Gavin G. McCabe*
Gavin G. McCabe